

COMMONWEALTH OF PENNSYLVANIA
OFFICE OF ATTORNEY GENERAL

TOM CORBETT
ATTORNEY GENERAL

October 17, 2005

REPLY TO:
Litigation Section
15th Fl., Strawberry Square
Harrisburg, PA 17120
DIRECT: (717) 787-3874
FAX: (717) 772-4526

**Brad Foulk, District Attorney**
**ERIE COUNTY COURTHOUSE**
**140 W. 6th Street**
**Erie, PA 16501-1030**

RE:   Bartosek, Steve v. SCI-Rockview, et al.
       No. 04-0360E (W.D. Pa)

**Dear Mr. Foulk:**

    I have received a copy of the Order and Petition for Habeas Corpus in the above-captioned matter. It appears to me that the matters raised in the Petition relate to the criminal prosecution of the petitioner in your court of common pleas. As you are aware, Rule 5 (b), 28 U.S.C. Foll §2254 (amended effective December 1, 2004) requires that the answer address the allegations in the petition and in addition, whether any claim in the petition is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, or a statute of limitations. The recently amended Rule 5(c) requires that the answer also indicate what transcripts (of pretrial, trial, sentencing, or post-conviction proceedings) are available, when they can be furnished, what proceedings have been recorded but not transcribed and attach to the answer parts of the transcript that the respondent considers relevant. Lastly Rule 5(d) requires the respondent to file with the answer a copy of:

    (1) any brief that the petitioner submitted in an appellate court contesting the conviction or sentence, or contesting an adverse judgment or order in a post-conviction proceeding;
    (2) any brief that the prosecution submitted in an appellate court relating to the conviction or sentence; and
    (3) the opinions and dispositive orders of the appellate court relating to the conviction or the sentence.

Because of your access to, and familiarity with, the records in the case, your office is the best source for personal knowledge of the prosecution and because the issues raised are likely to be matters that you have already addressed in direct appeals, we routinely refer such petitions to the district attorney and ask them to respond. Of course, most habeas petitions are disposed of on the petition and response without a hearing.

A significant number are dismissed for failure to exhaust available state remedies as to all or some of the claims presented. As recently amended by the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. §2254(b)(2) permits the Court to deny a petition on its merits notwithstanding the failure of the petitioner to exhaust remedies available in the state courts. Moreover, respondents cannot waive a petitioner's failure to exhaust except by express declaration. Exhaustion requires the petitioner to have "fairly presented" the issue to the state courts before proceeding to federal court. Picard v. Connor, 404 U.S. 270, 275-76 (1971).

Further, when a petition is mixed, presenting both issues for which state review has been exhausted and one or more issues which are not and the Court does not dismiss on a merits analysis, it must be dismissed unless the petitioner abandons the unexhausted claims. Rose v. Lundy, 455 U.S. 509 (1982). It is petitioner's burden to establish both all facts entitling him to discharge as well as demonstrating that he has met all procedural requisites entitling him to relief. Gonce v. Redman, 780 F.2d 333, 336 (3d Cir. 1985) (burden on habeas petitioner to establish exhaustion).

Unless I hear otherwise, I will assume that you will prepare an answer conforming with the rules for 28 U.S.C. §2254 petitions and that no supplemental response by this Office is necessary. By a copy of this letter to the clerk, I am informing the Court that we anticipate that you will be responding to all issues raised. I would appreciate receiving a copy of your response (please do not send copies of any exhibits to us).

If I can be of assistance or if you believe I am in error, please contact me. Thank you for your help.

Sincerely,

FRANCIS R. FILIPI
Senior Deputy Attorney General

FRF/clh
C:  Clerk
    Petitioner