## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **STEVE BARTOSEK,** | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **V.** | ) | **C.A. No. 04-360 ERIE** |
| | ) | |
| **S.C.I. ROCKVIEW, et al.,** | ) | **District Judge Cohill** |
| **Respondents.** | ) | **Magistrate Judge Baxter** |

---

## RESPONDENT'S BRIEF IN OPPOSITION TO PETITION
## FOR WRIT OF HABEAS CORPUS

---

John P. Garhart, Esq.
Assistant District Attorney
Erie County Courthouse
140 West Sixth Street
Erie, Pennsylvania 16501
PA. I.D. # 19753
(814) 451-6349

Dated: December 29, 2005

## TABLE OF CONTENTS

TABLE OF CITATIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  ii

I.      RELEVANT HISTORY AND PROCEDURE  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

        A.      The Offense Conduct . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
        B.      The Charges . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
        C.      Disposition by Plea  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
        D.      Sentencing . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
        E.      Direct Appeal History . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
        F.      PCRA History  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
        G.      Bartosek's Claims  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
        H.      Statute of Limitations . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

II.     ANALYSIS OF BARTOSEK CLAIMS  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

III.    CLAIMS COGNIZABLE IN FEDERAL HABEAS PROCEEDINGS . . . . . . . . . . . . . . 6

IV.     EXHAUSTION  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  7

V.      PROCEDURAL DEFAULT DOCTRINE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

VI.     EXHAUSTION/DEFAULT OF PETITIONER'S CLAIMS . . . . . . . . . . . . . . . . . . . . . 10

        A.      Fair Presentation  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
        B.      Proper Presentation to the State Courts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
        C.      Available of PCRA Relief . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
        D.      Procedural Default . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12
                1.      Cause and Prejudice . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13
                2.      Fundamental Miscarriage of Justice  . . . . . . . . . . . . . . . . . . . . . . . . . 14

VII.    STANDARD OF REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

VIII.   CONCLUSION  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

## TABLE OF CITATIONS

Banks v. Horn, 126 F.3d 206, 211 (3d Cir. 1997) (quoting Johnson v. Mississippi,
486 U.S. 578, 588-89 (1988)) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Barefoot v. Estelle, 463 U.S. 880 (1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Bond v. Fulcomer, 864 F.2d 306, 309 (3d Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Burkett v. Love, 89 F.3d 135, 137 (3d Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 11

Campbell v. Vaughn, 209 F.3d 280, 289 (3d Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Carter v. Vaughn, 62 F.3d 591, 594 (3d Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 10

Castille v. Peoples, 489 U.S. 346, 351 (1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Chaussard v. Fulcomer, 816 F.2d 925, 928 (3d Cir.) cert. denied, 484 U.S. 845 (1987) . . 8-9, 11

Christy v. Horn, 115 F.3d 201, 206 (3d Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Coleman v. Thompson, 501 U.S. 722, 732 (1991) . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10, 13, 14

Commonwealth v. Box, 305 Pa. Super. 81, 451 A.2d 252 (1982) . . . . . . . . . . . . . . . . . . . . . . 12

Commonwealth v. Christy, 540 Pa. 192, 656 A.2d 877, cert. denied, 516 U.S. 872,
116 S.Ct. 194 (1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Commonwealth v. Craddock, 370 Pa. Super. 139, 535 A.2d 1189 (1988), aff'd,
522 Pa. 491, 564 A.2d 151 (1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Commonwealth v. Eaddy, 419 Pa. Super. 48, 614 A.2d 1203 (1002), appeal denied,
534 Pa. 636, 626 A.2d 1155 (1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Commonwealth v. Fox, 476 Pa. 476, 383 A.2d 199 (1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Commonwealth v. Lesko, 509 Pa. 67, 501 A.2d 200 (1985), reargument denied,
509 Pa. 625, 506 A.2d 897 (1986), cert. denied, 479 U.S. 1101 (1987) . . . . . . . . . . . . . . . . . 12

Commonwealth v. Lyons, 390 Pa. Super. 464, 568 A.2d 1266 (1989), appeal denied,
525 Pa. 663, 583 A.2d 792 (1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Commonwealth v. McGriff, 432 Pa. Super. 467, 638 A.2d 1032 (1994) . . . . . . . . . . . . . . . . . 12

Commonwealth v. Stark, 442 Pa. Super. 127, 658 A.2d 816 (1995) . . . . . . . . . . . . . . . . . . . . . . . 12

Commonwealth v. Strickland, 306 Pa. Super. 516, 452 A.2d 844 (1982) . . . . . . . . . . . . . . . . . 13

Commonwealth v. Troy, 449 Pa. Super. 386, 674 A.2d 253 (1996) . . . . . . . . . . . . . . . . . . . . . . .5

Doctor v. Walters, 96 F.3d 375, 678 (3d Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8, 9, 11

Duncan v. Henry, 115 S.Ct. 887, 888 (1995) (*per curiam*) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Duncan v. Henry, 513 U.S. 364 (1995) (*per curiam*) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Engle v. Isaac, 456 U.S. 107 (1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 13

Evans v. Court of Common Pleas, Delaware County, 959 F.2d 1227, 1230 (3d Cir. 1992),
cert. denied, 506 U.S. 1089 (1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Gerschwendt v. Ryan, 967 F.2d 877 (3d Cir.), cert. denied, 506 U.S. 977 (1992) . . . . . . . . . . . 6

Gibson v. Scheidemantel, 805 F.2d 135, 138 (3d Cir. 1986), citing
Duckworth v. Serrano, 454 U.S. 1, 3 (1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Glass v. Vaughn, 65 F.3d 13, 15 (3d Cir. 1995), cert. denied, 116 S.Ct. 1027 (1996) . . 10, 13, 14

Gray v. Netherland, 518 U.S. 152 (1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Hankins v. Fulcomer, 941 F.2d 246, 249 (3d Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Hull v. Freeman, 991 F.2d 86 (3d Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Marshall v. Lonberger, 459 U.S. 422, 433 (1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

McCleskey v. Zant, 499 U.S. 467, 493 (1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 14

Milton v. Wainwright, 407 U.S. 371 (1972) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Murray v. Carrier, 477 U.S. 478, 488 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 14

O'Halloran v. Ryan, 835 F.2d 506, 508 (3d Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

O'Sullivan v. Boerckel, 526 U.S. 838, 119 S.Ct. 172, 1730 (1999) . . . . . . . . . . . . . . . . . . . . . . 9

Orban v. Vaughn, 123 F.2d 727 (3d Cir. 1997), cert. denied, 118 s.Ct. 717 (1998) . . . . . . . . . . 9

Picard v. Connor, 404 U.S. 270, 275 (1971) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Preiser v. Rodriguez, 411 U.S. 475, 491 (1973) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Rose v. Lundy, 455 U.S. 509, 518 (1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Ross v. Petsock, 868 F.2d 639, 643 (3d Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Schlup v. Delo, 115 S.Ct. at 868 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Schlup v. Delo, 513 U.S. 298, 15 S.Ct. 851 (1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Sistrunk v. Vaughn, 96 F.3d 666, 678 (3d Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

Smith v. Phillips, 455 U.S. 209 (1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Story v. Kindt, 26 F.3d 402, 405 (3d Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Wells v. Petsock, 941 F.2d 253 (3d Cir. 1991), cert. denied, 505 U.S. 1223 (1992) . . . . . . . . . 7

Williams v. Taylor, 120 S.Ct. 1495, 1523 (2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Wojtczak v. Fulcomer, 800 F.2d 353 (3d Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Zettlemoyer v. Fulcomer, 923 F.2d 284 (3d Cir.), cert. denied, 502 U.S. 902 (1991) . . . . . . . . . 6


## **STATUTES**

28 U.S.C. §2244(d)(2) (emphasis added) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

28 U.S.C. §2254 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

28 U.S.C. §2254(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .6

28 U.S.C. §2254(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

28 U.S.C. §2254(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

28 U.S.C. §2254(d)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

28 U.S.C. §2254(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

42 Pa. Cons. Stat. §9543(a)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

42 Pa. Cons. Stat. §9455(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Pa. R. Crim. Prox. 720 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .3

## I.    RELEVANT HISTORY AND PROCEDURE

A.    **THE OFFENSE CONDUCT**: On February 7, 2000, the accused along with two other individuals -- Michelle Woods and Michael Talley – committed an armed robbery at the Citi Financial Store at the West Erie Plaza in Erie, PA. By pointing a pellet gun and deploying chemical mace at two employees of the store -- Virgie Gore and Connie Williams -- Bartosek and his accomplices made off with $38.00.  During the commission of the robbery, the victims were made to believe they were going to die; a gun was pointed to their heads, a countdown commenced, and one of the robbers said, "Do it to them."[1]

B.    **THE CHARGES**: In due course, the defendant, based on his February 7, 2000 conduct, was criminally charged.  The seven-count Information at No. 627 of 2000, charged Criminal Conspiracy,[2] Robbery,[3] two counts each[4] of Aggravated Assault[5] and Recklessly Endangering,[6] and Theft by Unlawful Taking.[7]

---

[1]Sentencing Transcript (hereinafter ST), p. 7.

[2]18 Pa. C.S.A. §903, a felony of the first degree.

[3]18 Pa. C.S.A. §3701, a felony of the first degree

[4]One count for each victim.

[5]18 Pa. C.S.A. §2702, each a felony of the first degree.

[6]18 Pa. C.S.A. §2705, each a misdemeanor of the second degree.

[7]18 Pa. C.S.A. §3921.

1

C.    **DISPOSITION BY PLEA**: On September 11, 2000, Bartosek appeared, with counsel, before Judge Anthony and entered a plea of guilty to all charges.[8]  At the time of his plea, the defendant's rights were explained to him[9] and he signed a form acknowledging having been advised of his rights.[10]  He was specifically advised that he faced a maximum period of imprisonment on his plea of 85 years and a maximum fine of $112,500.  Moreover, the Commonwealth advised the defendant it would seek the imposition of a mandatory minimum of five years.[11]  After inquiry to determine that the plea was knowing and voluntary,[12] the Court accepted Bartosek's plea.

D.    **SENTENCING**: At sentencing on October 12, 2000, Judge Anthony sentenced Mr. Bartosek as follows: on the Robbery charge (count 2), 5 to 10 years; on the Conspiracy charge (count 1), 10 years probation; on the Aggravated Assault charge (count 3), 2 ½ to 5 years consecutive to count 2; on the other Aggravated Assault charge (count 4), 10 years probation concurrent; on the Recklessly Endangering charges (Counts 5 and 6), 2 years each concurrent.  In the aggregate, the defendant was sentenced to a period of imprisonment of 7 ½ to 15 years.  A Motion for Reduction of Sentence was unavailing.

---

[8]Plea transcript (hereinafter PT), pp. 8-12.

[9]PT, pp. 2-7.

[10]PT, p. 2 and p. 12.

[11]PT, p. 8.  The use of a replica firearms in commission of the Robbery brought the mandatory penalty provision of 42 Pa. C.S.A. §9712(a) into play.

[12]PT, p. 14.

E.     **DIRECT APPEAL HISTORY**: On November 13, 2000, Bartosek filed an untimely motion to withdraw his guilty plea with the Trial Court.  On the same date, the defendant filed a direct appeal to the Superior Court.  On November 17, 2000, the Trial Court denied the motion to withdraw the plea because it lacked jurisdiction.[13]  In a Memorandum Opinion dated September 21, 2000, the Superior Court denied Bartosek any relief and affirmed the judgment of sentence.  There was no further direct appeal to the Supreme Court.

F.     **PCRA HISTORY**: On September 16, 2002, Bartosek filed an initial PCRA with the Trial Judge.  After a no merit letter by appointed counsel, by orders dated October 8, 2002 and January 7, 2003, the Trial Court dismissed the defendant's PCRA finding all claims presented to be without merit.  An appeal to the Superior Court followed and by order dated March 18, 2004 the Court affirmed the denial of Bartosek's PCRA motion.  A request for further review in the State Supreme Court was denied on November 30, 2004.

G.     **BARTOSEK'S CLAIMS**: At bottom, the defendant is unhappy with his sentence of 7 ½ to 15 years; however, the sentence was well within the statutory maximum.  In order to avoid the execution of this sentence, the defendant has raised an ever-growing list of claims as his case progressed.

First, prior to sentence, no complaint was made.  On October 19, 2000, one week after sentence, the defendant requested that the sentence be modified or reduced citing his youthfulness and his remorse.

Next, he filed an untimely motion to withdraw his guilty plea and in this motion,

---

[13]A post sentencing motion challenging the validity of a guilty plea is jurisdictionally barred if not filed within 10 days of sentence.  Pa. R.Crim. Proc. 720.  The existence of the pending Superior Court Appeal was a further impediment to jurisdiction in the trial court.

in paragraph 3 subparagraphs a through q, he averred that his plea was not knowingly and voluntarily made.

Thereafter, on direct appeal to the Superior Court, he complained that his plea was not knowingly and voluntarily made, that he was denied effective assistance of counsel in the trial court and the trial court erred in failing to hold an evidentiary hearing on the plea withdrawal motion.

Then, in his initial PCRA, he first contended that his lawyer promised him the sentence would not exceed 45 to 90 months and his lawyer otherwise coerced his plea.

Finally, in this Court, his list of complaints has expanded even further and he now complains of the following: (1) denial of effective assistance; (2) disparate sentencing from co-defendants; (3) a coerced plea; (4) failure to comply with Turner/Finley doctrine; (5) the sentence imposed was unlawful as the product of someone else's prior record score; (6) he was intimidated into pleading guilty by a correctional officer at the jail; (7) failure by trial counsel to cross examine the witnesses against him; (8) failure to investigate plea arrangement with co-defendants; (9) post-sentencing interference with his requests for documents.[14]


H.    **STATUTE OF LIMITATIONS**: The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") generally mandates that petitions for writ of **habeas** corpus be filed within one year after the conclusion of direct appellate review.  The filing period is tolled, however, "during [the time in] which a *properly filed* application for State post-conviction or

---

[14]The convoluted and prolix nature of the claims asserted in Bartosek's habeas filing makes it impractical to correlate the claims itemized here with specific paragraphs in Bartosek filing.

other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. §2244(d)(2) (emphasis added). This habeas petition is timely filed.


II.    **ANALYSIS OF BARTOSEK CLAIMS**

    A.    Claims frivolous on their face: Some, perhaps even most, of the claims raised by the defendant, paragraphs 13 and 14 of the petition, are patently frivolous. These are:

        1.    **Claims Related to an Adversarial Process**: Bartosek complains of failure by trial counsel to cross-examine the witnesses against him; a failure to investigate plea arrangement with co-defendants and post-sentencing interference with his requests for documents.[15] However, since the defendant plead guilty, only complaints related to plea and sentence are cognizable.

        2.    **Incorrect Prior Record Score**: The defendant makes the bald assertion that his sentence was computed using his father's prior record score. However, a review of the records reflects that a prior record score of "0" was used in calculating the defendant's guidelines and thus, this claim fails.

        3.    **Breach of the Turner/Finley Doctrine**: The line of cases constituting the Turner/Finley doctrine[16] relates to withdrawal by PCRA counsel. It has no applicability to the validity of defendant's plea.

        4.    **Disparate Sentencing from Co-Defendants**: Disparity of sentences between co-defendants for the same crime is entirely permissible and offers no basis to challenge either plea or sentence.

        5.    **The Coercion Claim *as Framed in this Court***: In this Habeas, the defendant now asserts, for the first time, that he was intimidated into pleading guilty by remarks directed to him by a jail guard. This assertion is contradicted by the rights statement defendant signed at his plea. In item 5 of that statement, he specifically denied his plea is the result of any

---

[15]These are listed as items 5, 6 and 7 immediately above.

[16]See Commonwealth v. Troy, 449 Pa. Super. 386, 674 A.2d 253 (1996).

threat.[17]  And the trial court addressed him directly and offered him a chance to bring any additional matters to the attention of the Court at the time of plea.[18]

6.  **The Coercion Claim _as Framed in State Court_**: In his PCRA petition, defendant asserted, belatedly, that his plea was a product of coercion by his counsel and was coupled with a guarantee of a specific sentence. Despite the many claims here, this specific complaint is no longer mentioned.  The Commonwealth views it as waived.  It is subject to the same response made above.

7.  **Plea was not Knowing and Voluntary**: Despite embellishment, the defendant's complaint is that his plea was not knowing and voluntarily or that his sentence was illegal.  Each of these is demonstrably false as is evidenced by the rights statement[19] signed by the defendant and the transcripts of plea and sentence.[20]

## III.  CLAIMS COGNIZABLE IN FEDERAL HABEAS PROCEEDINGS

A state prisoner may seek federal habeas corpus relief only if he is in custody in violation of the United States Constitution or federal law.  28 U.S.C. §2254(a).  Smith v. Phillips, 455 U.S. 209 (1982); Gerschwendt v. Ryan, 967 F.2d 877 (3d Cir.), cert. denied, 506 U.S. 977 (1992); Zettlemoyer v. Fulcomer, 923 F.2d 284 (3d Cir.), cert. denied, 502 U.S. 902 (1991).  Violations of state law or procedural rules alone are not sufficient; a petitioner must allege a deprivation of federal rights before habeas relief may be granted.  Engle v. Isaac, 456 U.S. 107 (1982); Wells v. Petsock, 941 F.2d 253 (3d Cir. 1991), cert. denied. 505 U.S. 1223 (1992).  A federal court's scope of review is limited as it does not sit to retry state cases _de novo_ but examines the proceedings in the state court to determine if there has been a violation of federal constitutional standards.  Barefoot v. Estelle, 463 U.S. 880 (1983); Milton v. Wainwright, 407 U.S. 371 (1972).

---

[17]Document 11 in the State Clerk's packet.

[18]PT, pp. 13 and 14.

[19]Document 11 in the State Clerk's packet.

[20]Enclosed in Document Supplement.

A habeas petitioner must show that the state court's decision was such a gross abuse of discretion that it was unconstitutional; "ordinary" error is outside the scope of §2254.

The defendant seeks habeas relief from this Court by simply invoking the bare incantation that he is in custody in violation of the U.S. Constitution or laws of the United States. But he cites federal statutory law in support of his claim. This bare incantation of a Federal Law violation is unavailing.

IV.    **EXHAUSTION**

Before a federal court addresses the merits of a state prisoner's claims, constitutional and federal law issues first must have been fairly presented to the state courts through direct appeal, collateral review, state habeas corpus proceedings, mandamus proceedings, or other available procedures for judicial review. See e.g., Castille v. Peoples, 489 U.S. 346, 351 (1989); Picard v. Connor, 404 U.S. 270, 275 (1971); Doctor v. Walters, 96 F.3d 375, 678 (3d Cir. 1996); Burkett v. Love, 89 F.3d 135, 137 (3d Cir. 1996). 28 U.S.C. §2254(b) requires a state prisoner to exhaust all available state court remedies before seeking federal relief. This exhaustion requirement serves to protect the interest of comity, which ensures that the state courts have the first opportunity to address and correct violations of state prisoners' federal rights. Rose v. Lundy, 455 U.S. 509, 518 (1982); Preiser v. Rodriguez, 411 U.S. 475, 491 (1973). Generally, in order to satisfy the exhaustion requirement, "a state prisoner seeking federal habeas relief must present each of his claims to the state's highest court." Story v. Kindt, 26 F.3d 402, 405 (3d Cir. 1994). See also Wojtczak v. Fulcomer, 800 F.2d 353 (3d Cir. 1986). The petitioner has the burden of establishing that exhaustion has been met. Ross v. Petsock, 868 F.2d 639, 643 (3d Cir. 1989); O'Halloran v. Ryan, 835 F.2d 506, 508 (3d Cir. 1987).

Exhaustion is not a jurisdictional limitation, however, federal courts may review the

merits of a state prisoner's claims prior to exhaustion when no appropriate state remedy exists.

Christy v. Horn, 115 F.3d 201, 206 (3d Cir. 1997); Doctor, 96 F.3d at 681; Carter v. Vaughn, 62

F.3d 591. 594 (3d Cir. 1995).  A petitioner shall not be deemed to have exhausted state remedies

if he has the right to raise his claims by any available state procedure.  28 U.S.C. §2254(c).

Federal courts may entertain the merits of a petition for habeas corpus where state remedies have

not been exhausted "when no appropriate remedy exists at the state level or when the state

process would frustrate the use of an available remedy." Story, 26 F.3d at 405; Hankins v.

Fulcomer, 941 F.2d 246, 249 (3d Cir. 1991).  If the "petitioner has no opportunity to obtain

redress in state court or where the state corrective process is so defective as to render any effort

to obtain relief futile," exhaustion is not required.  Gibson v. Scheidemantel, 805 F.2d 135, 138

(3d Cir. 1986) citing Duckworth v. Serrano, 454 U.S. 1, 3 (1981).  See also Hankins, 941 F.2d at

249-250 (exhaustion is excused if state process offers no hope of relief.

This Court's initial inquiry regarding the exhaustion requirement is whether a petitioner

has "fairly presented" his federal claims to the state courts.  To meet the fair presentation

criterion, the same factual and legal basis for a claim must be presented to the state court to allow

the state a reasonable opportunity to address the claim and correct any violation of federal rights.

Duncan v. Henry, 513 U.S. 364 (1995)(*per curiam*).  "Fair presentation requires that, before a

particular claim may be asserted in federal court, the same method of analysis must have been

made available to the state court." Chaussard v. Fulcomer, 816 F.2d 925, 928 (3d Cir.), cert.

denied, 484 U.S. 845 (1987).  The exhaustion requirement further requires a petitioner to

properly present his claims to the requisite state courts.  A petitioner must present every claim

raised in the federal petition to the state's trial court, intermediate appellate court and highest

court before exhaustion will be considered satisfied.  O'Sullivan v. Boerckel, 526 U.S. 838, 119

8

S.Ct. 172, 1730 (1999) ("...the state prisoner must give the state courts an opportunity to act on

his claims before he presents those claims to a federal court in a habeas [corpus] petition.");

Orban v. Vaughn, 123 F.2d 727 (3d Cir. 1997), cert. denied, 118 S.Ct. 717 (1998); Doctor, 96

F.3d at 678; Evans v. Court of Common Pleas, Delaware County, 959 F.2d 1227, 1230 (3d Cir.

1992), cert. denied, 506 U.S. 1089 (1993).

      The Commonwealth does concede that Pennsylvania Courts will not permit the defendant

to pursue his more recent factual claims as a basis to attack his state conviction. From a state law

perspective, defendant's appellate rights - both direct and PCRA - are exhausted and the federal

claims he now seeks to assert are waived for failure to present them in the state appellate process.


### V.     PROCEDURAL DEFAULT DOCTRINE

      In addition, a federal court may be precluded from reviewing claims under the procedural

default doctrine. Gray v. Netherland, 518 U.S. 152 (1996); Coleman v. Thompson, 501 U.S.

722, 732 (1991); Doctor, 96 F.3d at 678; Sistrunk v. Vaughn, 96 F.3d 666, 678 (3d Cir. 1996).

Like the exhaustion requirement, the procedural default doctrine was developed to promote our

dual judicial system; it is based upon the "independent and adequate state ground" doctrine,

which dictates that federal courts will not review a state court decision involving a question of

federal law if the state court's decision is based on state law that is "independent" of the federal

question and "adequate" to support the judgment. Coleman, 501 U.S. at 750.

      A state's procedural rules are entitled to deference by federal courts and petitioner's

violation of a state procedural rule may constitute an independent and adequate state ground for

denial of federal review of habeas claims. Id.; Sistrunk, 96 F.3d at 673. In order to prevent

federal habeas corpus review under the procedural default doctrine, a state procedural rule must

be "consistently or regularly applied." Banks v. Horn, 126 F.3d 206, 211 (3d Cir. 1997) (quoting

Johnson v. Mississippi, 486 U.S. 578, 588-89 (1988)).  Moreover, violations of a state's procedural rules may constitute an independent and adequate state ground sufficient to invoke the procedural default doctrine even where no state court has concluded that a petitioner is procedurally barred from raising his claims.  Glass v. Vaughn, 65 F.3d 13, 15 (3d Cir. 1995), cert. denied, 116 S.Ct. 1027 (1996); Carter, 62 F.3d at 595.  Federal habeas review is not available to a petitioner whose constitutional claims have not been addressed on the merits due to procedural default unless a petitioner can demonstrate: 1) cause for the default and actual prejudice as a result of the alleged violation of federal law; or 2) failure to consider the claims will result in a fundamental miscarriage of justice.  Coleman, 501 U.S. at 750; Carter, 62 f.3d at 595.

## VI.    EXHAUSTION/DEFAULT OF PETITIONER'S CLAIMS

### a.  "Fair Presentation"

The Court's initial inquiry regarding the exhaustion requirement is whether Petitioner "fairly presented" his federal claims to the state courts.  To meet the fair presentation criterion, the same factual and legal bases for a claim must be presented to the state court to allow the state a reasonable opportunity to address the claim and correct any violation of federal rights.  Duncan v. Henry, 115 S.Ct. 887, 888 (1995) (*per curiam*).  "Fair presentation requires that, before a particular claim may be asserted in federal court, the same method of analysis must have been made available to the state court."  Chaussard v. Fulcomer, 816 f.2d 925, 928 (3d Cir.), cert. denied, 484 U.S. 845 (1987).

## b. <u>Proper Presentation to the State Courts</u>

The second criterion of the exhaustion requirement requires a petitioner to present his claims to the requisite state courts.  A petitioner must present every claim raised in the federal petition to each level of the state courts to afford each level of the state courts a fair opportunity to address the claim.  <u>Doctor</u>, 96 F.3d at 678; <u>Burkett</u>, 89 F.3d at 141; <u>Hull v. Freeman</u>, 991 F.2d 86 (3d Cir. 1993).  Exhaustion does not require that the highest court rule on the merits of a petitioner's claims; it does, however, require that the court be given the opportunity to review them.  <u>Burkett</u>, 89 F.3d at 141; <u>Bond v. Fulcomer</u>, 864 F.2d 306, 309 (3d Cir. 1989).

Notwithstanding, federal courts may entertain the merits of a habeas petition when no appropriate state remedy exists for unexhausted claims.  This Court must determine whether Petitioner has an available state remedy under the PCRA for his unexhausted claims.  Claims cognizable under the PCRA are not exhausted; claims precluded under the PCRA are exhausted.

## c. <u>Available of PCRA Relief</u>

Under the PCRA, a petitioner may obtain relief if he pleads and proves that his conviction resulted from certain infringements of his rights, including a violation of the Constitution of the United States.  The PCRA limits the types of claims that are cognizable and the petitioner bears the burden of demonstrating eligibility for relief.  <u>Commonwealth v. Christy</u>, 540 Pa. 192, 656 A.2d 877, <u>cert</u>. <u>denied</u>, 516 U.S. 872, 116 S.Ct. 194 (1995).  Before a petitioner is eligible for PCRA relief, however, he must establish that his claims have not been "previously litigated" or "waived."  42 Pa. Cons. Stat. §9543(a)(3) (as amended).  Under the amended PCRA, a matter has been "previously litigated" if: 1) the highest appellate court in which the petitioner could have review as a matter of right has ruled on the merits of the issue; or 2) the issue has been raised and decided in a proceeding collaterally attacking the conviction or sentence.  42 Pa. Cons. Stat.

§9455(a) (as amended).  Claims are "waived" if they could have been raised and were not before

trial, at trial or on direct appeal, and the failure to do so was not the result of trial strategy.  Id.


### d.  <u>Procedural Default</u>

Where Petitioner has technically "exhausted" his claims, failure to present them to the

Pennsylvania appellate courts through direct and collateral review results in procedural default of

them.  Absent extraordinary circumstances, post-conviction claims are waived if they could have

been raised on direct appeal.  <u>Commonwealth v. McGriff</u>, 432 Pa. Super. 467, 638 A.2d 1032

(1994); <u>Commonwealth v. Eaddy</u>, 419 Pa. Super. 48, 614 A.2d 1203 (1992), <u>appeal</u> <u>denied</u>, 534

Pa. 636, 626 A.2d 1155 (1993); <u>Commonwealth v. Lyons</u>, 390 Pa. Super. 464, 568 A.2d 1266

(1989), <u>appeal</u> <u>denied</u>, 525 Pa. 663, 583 A.2d 792 (1990); <u>Commonwealth v. Craddock</u>, 370 Pa.

Super. 139, 535 A.2d 1189 (1988), <u>aff'd</u>, 522 Pa. 491, 564 A.2d 151 (1989).  This waiver applies

even when a first time post-conviction petitioner fails to obtain direct appellate review of the

conviction.  <u>Commonwealth v. Stark</u>, 442 Pa. Super. 127, 658 A.2d 816 (1995); <u>Eaddy</u>, 614 A.2d

at 1208.

Notwithstanding, Pennsylvania law recognizes an exception to the waiver rule if a strong

*prima facie* showing is offered that a miscarriage of justice may have occurred or if extraordinary

circumstances prevented Petitioner from raising the issues on direct appeal.  <u>Commonwealth v.</u>

<u>Lesko</u>, 509 Pa. 67, 501 A.2d 200 (1985), <u>reargument</u> <u>denied</u>, 509 Pa. 625, 506 A.2d 897 (1986),

<u>cert</u>. <u>denied</u>, 479 U.S. 1101 (1987); <u>Commonwealth v. Box</u>, 305 Pa. Super. 81, 451 A.2d 252

(1982).  Petitioner bears the burden of demonstrating the existence of extraordinary

circumstances sufficient to justify exception to waiver.  <u>Commonwealth v. Fox</u>, 476 Pa. 476, 383

A.2d 199 (1978); <u>Commonwealth v. Strickland</u>, 306 Pa. super. 516, 452 A.2d 844 (1982).

The complaints Defendant makes are expanded far beyond those raised in the state appellate process. Moreover, a violation of federal law as a basis for relief - was not presented to the Pennsylvania Courts. The claims pursued in the Pennsylvania appellate process were state law claims. Thus, defendant's federal constitutional claims are defaulted. Petitioner's failure to comply with the Pennsylvania procedural rules governing direct and collateral review is an independent and adequate state ground sufficient to support a procedural default. Glass, 65 F.3d at 15; Caswell, 953 F.2d at 857. Petitioner has not demonstrated any extraordinary circumstances from preventing his pursuit of such appeal.

Accordingly, this court cannot review a Petitioner's defaulted claim unless Petitioner demonstrates: 1) cause for the default and actual prejudice resulting therefrom; or 2) failure to review his claims would result in a fundamental miscarriage of justice. Schlup v. Delo, 513 U.S. 298, 15 S.Ct. 851 (1995); Coleman, 501 U.S. at 749-750.

### 1.  Cause and Prejudice

To satisfy the cause standard, Petitioner must demonstrate that some objective factor external to the defense imped counsel's efforts to raise the claim in state court. McCleskey v. Zant, 499 U.S. 467, 493 (1991); Murray v. Carrier, 477 U.S. 478, 488 (1986). Neither a deliberate strategic decision nor an inadvertent failure of counsel to raise an issue constitutes "cause" unless counsel's performance failed to meet the Sixth Amendment standard for competent assistance. Engle v. Isaac, 456 U.S. 107 (1982); Carrier, 477 U.S. at 485-87.

### 2.  Fundamental Miscarriage of Justice

Where a Petitioner cannot demonstrate the necessary "cause" and "prejudice," this Court may still review claims if Petitioner can show that a "fundamental miscarriage of justice would

13

result from a failure to entertain the claim." <u>McCleskey</u>, 499 U.S. at 495. This Court may use its discretion to correct a fundamental miscarriage of justice if it appears that a "constitutional violation probably resulted in the conviction of one who is actually innocent." <u>Murray</u>, 477 U.S. at 496. <u>See</u> <u>also</u> <u>Coleman</u>, 501 U.S. at 748; <u>McCleskey</u>, 499 U.S. at 502. Under the "miscarriage of justice" standard, a petitioner must present new evidence of innocence and persuade the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find h im guilty beyond a reasonable doubt. <u>Schlup v. Delo</u>, 115 S.Ct. at 868; <u>Glass</u>, 65 F.3d at 13. This is a stronger showing than is required to establish prejudice and is found only in a truly "extraordinary" case. <u>Schlup</u>, 115 S.Ct. at 864. Petitioner fails to allege the existence of any new evidence to support a claim of actual innocence.


## VII.    <u>STANDARD OF REVIEW</u>

The standard of review for the claim that will be addressed on the merits is part of the habeas statute and has been interpreted recently by the Supreme Court. Section 2254 of the federal habeas corpus statute provides the standard of review for federal court review of state court criminal determinations. 28 U.S.C. §2254. Specifically, a federal court must accord a presumption of correctness to a state court's factual findings, which a petitioner can rebut only by clear and convincing evidence. 28 U.S.C. §2254(e). Where a state court's factual findings are not made explicit, a federal court's "duty is to begin with the [state] court's legal conclusion and reason backward to the factual premises that, as a matter of reason and logic, must have undergirded it." <u>Campbell v. Vaughn</u>, 209 F.3d 280, 289 (3d Cir. 2000). In determining what implicit factual findings a state court made in reaching a conclusion, a federal court must infer that the state court applied federal law correctly. <u>Id</u>. (<u>citing</u> <u>Marshall v. Lonberger</u>, 459 U.S. 422, 433 (1982)).

Moreover, a federal court may not issue the great writ unless it concludes that the state court's adjudication resulted in a decision that was "contrary to," or an "unreasonable application of," clearly established federal law as determined by the Supreme Court of the United States. 28 U.S.C. §2254(d)(1). Recently, in Williams v. Taylor, 120 S.Ct. 1495, 1523 (2000), the United States Supreme Court discussed the independent meanings of the "contrary to" and "unreasonable application" clauses contained within §2254(d)(1).

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Williams, 120 S.Ct. at 1523 (O'Connor, J., concurring).

The Supreme Court further clarified that a federal habeas court making the unreasonable application inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable. Id. at 1521. "Under §2254(d)(1)'s unreasonable application clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 1522.

**VIII.  <u>CONCLUSION</u>**

In this case, the Defendant has failed to present his Federal claim that his plea was involuntary to the State Courts.

Beyond this, all of the new factual claims he makes to support or expand this argument are waived for failure to present them in State Courts.  Moreover, by any standard - state or federal - the record demonstrates that Defendant's plea was knowing and voluntary.

Respectfully submitted,

S/John Paul Garhart
John Paul Garhart, Esq.
Assistant District Attorney